IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SARA E. JOHNSON, a/k/a Libby Johnson, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06CV495 |
| TRANS UNION, LLC, | ) | |
| Defendant, | ) | |
| SARA E. JOHNSON, a/k/a Libby Johnson, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06CV904 |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| Defendant, | ) | |
| SARA E. JOHNSON, a/k/a Libby Johnson, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06CV918 |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on Motions by Defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC ("Equifax") [Document #27 in 1:06CV495, Document #16 in 1:06CV904, Document #8 in

1:06CV918] to consolidate three separate actions filed by Plaintiff Sara E. Johnson ("Ms. Johnson") against each of the Defendants. The three actions all involve common questions of law and fact related to a credit card account included in Ms. Johnson's credit files by all three Defendants. Ms. Johnson contends that the credit card account was opened by her husband without her knowledge, that she never authorized or requested that she be included on the account, and that after her husband's death, the creditor attempted to collect the balance from her and reported the account as delinquent to the Defendants. Ms. Johnson contends that she disputed this report, and that the Defendants failed to investigate the disputed information and failed to remove the false information from her credit files. Ms. Johnson has filed essentially identical complaints against each of the Defendants. However, Ms. Johnson objects to consolidation because she contends that consolidation will delay the proceedings against Trans Union, for which discovery has already begun.

The Court has reviewed the pleadings and the contentions of the parties and finds that these three cases involve common questions of law and fact, and that consolidation of these matters would prevent unnecessary duplication of judicial resources. To the extent discovery has already begun in the Trans Union case, the Court finds that any resulting delay in that case is only minor, and that consolidation is warranted as a matter of convenience and economy in administration. Therefore, in the Court's discretion, the Motions for Consolidation will be granted, and these cases will be consolidated for discovery and trial.

IT IS THEREFORE ORDERED that the Defendants' Motions for Consolidation

[Document #27 in 1:06CV495, Document #16 in 1:06CV904, Document #8 in 1:06CV918] are GRANTED and Case Numbers 1:06CV495, 1:06CV904 and 1:06CV918 are hereby consolidated for discovery and trial.

This, the 18th day of December, 2006.

／s／ James A. Beaty
United States District Judge